**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **CHAD KENYATTA LEIGH,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CORPORATION SERVICE COMPANY,**<br>**UNITED POSTAL SERVICE, INC.,**<br>**JIM (LNU), SHERLI (LNU),**<br>**JOSH PEARSALL,**<br>**CHRIS LANGLEY,**<br>**JERRY SIMS, JR.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 25-1248-TC-GEB** |

## NOTICE AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Chad Kenyatta Leigh's Motion to Proceed Without Prepayment or Fees ("Motion") (ECF No. 3, *sealed*). For the reasons set forth below, the Court **RECOMMENDS** Plaintiff's Motion be **DENIED**.

## I. Notice

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

## II. Recommendation of Dismissal of *In Forma Pauperis* Status

Section 1915 of Title 28 of the United States Code allows a court to authorize the commencement of any civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets. . .[if] the person is unable to pay such fees or give security therefor."[1] Proceeding *in forma pauperis* in a civil case is a privilege, not a right.[2] The decision to grant or deny *in forma pauperis* status is within the sound discretion of the court.[3] When considering a motion to proceed without prepayment of fees, the court must not act arbitrarily.[4] But, it is the position of courts in this District in civil cases for damages, *in forma pauperis* status should be granted sparingly.[5]

To succeed on a motion to proceed *in forma pauperis*, a party must show a financial inability to pay the required filing fees. In an effort to keep Plaintiff's personal finances confidential, the Court will not divulge specific numbers contained within his financial affidavit. However, it shows he has a positive net monthly income after accounting for the very limited expenses listed in his financial affidavit. The financial affidavit does not show

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *Patillo v. N. Am. Van Lines*, No. 02-2162-JWL, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002).
[3] *Id.* (citing *Cabrera v Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)).
[4] *Hagan v. Credit Union of Am.*, No. 11-1131-JTM, 2011 WL 13237545, at *1 (D. Kan. June 20, 2011) (citing *Buggs v. Riverside Hosp.*, No. 97-1088, 1997 WL 321289 (D. Kan. Apr. 9, 1997)).
[5] *Scherer v. United States*, No. 01-2428-JWL, 2001 WL 1516736, at *1 (D. Kan. Nov. 7, 2001) (citing *Barnett v. Northwest Sch.,* No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000); *Forrester v. Via Christi St. Joseph & ITS Reps.,* No. 97-1243-MLB, 1997 WL 557329, at *1 (D. Kan. June 10, 1997)).

he is unable to pay the filing fee.[6] Therefore, the Court concludes he is not entitled to proceed *in forma pauperis*.

However, a magistrate judge does not have authority under 28 U.S.C. § 636 to deny a motion to proceed without prepayment of fees.[7] The undersigned therefore recommends: 1) Plaintiff's Motion be denied, 2) Plaintiff pay the filing fee within thirty days of an order on this Report and Recommendation, and 3) if Plaintiff fails to timely pay the required filing fee, this case be dismissed without prejudice.

Accordingly, **IT IS THEREFORE RECOMMENDED** Plaintiff's Motion to Proceed Without Prepayment or Fees **(ECF No. 3, *sealed*)** be **DENIED**.

**IT IS ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report

---

[6] *See, e.g.*, *Otudeko v. Topeka Pub. Sch.*, No. 24-4082-DDC, 2024 WL 5110073, at *1 (D. Kan. Aug. 30, 2024), *report and recommendation adopted*, No. 24-4082-DDC, 2024 WL 5106712 (D. Kan. Dec. 13, 2024) (recommending that the plaintiff's motion to proceed IFP be denied); *Young v. Schmidt*, No. 20-1268-EMF, 2021 WL 7710878, at *2 (D. Kan. Apr. 8, 2021), *report and recommendation adopted,* No. 20-1268-EFM, 2021 WL 7710876 (D. Kan. May 5, 2021) (same); *Martinez Olivares v. Harvestland Constructors Inc.*, No. 24-2191-HLT, 2024 WL 3071090, at *1 (D. Kan. May 6, 2024), *report and recommendation adopted*, No. 2:24-CV-02191-HLT, 2024 WL 3066208 (D. Kan. June 20, 2024) (same); *see also, e.g.*, *Epson v. Astrue*, No. 08-2349-CM, 2008 WL 4083013, at *1 (D. Kan. Aug. 29, 2008) (affirming a report and recommendation that recommended denying IFP status where the plaintiff's affidavit demonstrated a positive monthly income).

[7] *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (the denial of plaintiff's motion to proceed *in forma pauperis* is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).

and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[8]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 4th day of September 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

[8] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).