**In the United States District Court
for the District of Kansas**

---

Case No. 25-cv-01248-TC-GEB

---

CHAD K. LEIGH,

*Plaintiff*

v.

CORPORATION SERVICE COMPANY, ET AL.,

*Defendants*

---

## ORDER

Magistrate Judge Gwynne E. Birzer issued a Report and Recommendation advising that Chad Leigh's motion to proceed without prepayment of fees be denied, that Leigh be ordered to pay the filing fee within thirty days, and that the case be dismissed without prejudice if he fails to do so. Doc. 5. Judge Birzer concluded that the financial affidavit accompanying the motion showed a positive net monthly income after accounting for the limited expenses listed and therefore did not establish that Leigh is unable to pay the filing fee. *Id.* at 2–3.

Leigh did not object. He instead filed a second motion to proceed without prepayment of fees supported by a new financial affidavit, Doc. 6, and a motion for appointment of counsel, Doc. 8. For the reasons below, the Report and Recommendation is adopted in part and modified in part, the second motion to proceed without prepayment of fees is denied without prejudice, and the motion for appointment of counsel is denied. If Leigh neither pays the filing fee nor files a renewed motion to proceed without prepayment of fees by October 5, 2026, this case will be dismissed.

**1.** Starting with the motions to proceed without prepayment of fees, when a magistrate judge has issued a report and recommendation on a dispositive pretrial matter, a party objecting to the recommendation must "serve and file specific written objections to the proposed

findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district judge must then

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Objections must be "both timely and specific to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To be timely, the objection must be made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). Objections are sufficiently specific if they "focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Prop.*, 73 F.3d at 1060. Where a party fails to make a proper objection, a district court may review the recommendation under any standard it deems appropriate, even for clear error. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

Leigh did not file an objection. Reviewed for clear error, Judge Birzer's assessment is correct. The decision to grant or deny leave to proceed without prepayment of fees is discretionary, and the applicant must show that he is unable to pay the fee. 28 U.S.C. § 1915(a)(1); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). The November 2025 affidavit, Doc. 3-1, reported income in the preceding year and almost no expenses, and it did not establish that Leigh was unable to pay the fee at that time. The Report and Recommendation is therefore adopted insofar as it recommends denial of the motion, Doc. 3.

Instead of objecting, Leigh filed a second motion for leave. Doc. 6. Unlike his prior motion, his September 2026 affidavit, Doc. 6-1, reports no current income, a small amount of cash, a vehicle, and modest monthly obligations. Taken at face value, it could suggest that Leigh is unable to pay the filing fee. But that conclusion cannot be reached because it is incomplete and inconsistent with prior filings. For example, his current affidavit lists a fixed residential address and telephone number while reporting no expense for housing, food, or telephone service, and it lists monthly obligations without explaining how they are paid. Moreover, it inexplicably differs from the one Leigh provided in November 2025, which reported unemployment benefits and a student-

loan balance that the current affidavit omits, and listed no household expenses where the current one lists several. *Compare* Doc. 3-1 *with* Doc. 6-1.

Leigh's second motion for leave has not shown that he is unable to pay the filing fee. That motion is denied without prejudice to a renewed motion, filed within 14 days, that addresses the matters identified below. Leigh is reminded that the statute requires dismissal of a case if the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), and that by filing a renewed motion and affidavit he certifies—subject to sanctions—that the factual contentions in them have evidentiary support, Fed. R. Civ. P. 11(b)–(c).

**2.** Leigh also seeks appointment of counsel, Doc. 8. That request is denied.

There is no constitutional right to counsel in a civil case. *Hooks v. Workman*, 689 F.3d 1148, 1209 (10th Cir. 2012). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006). In a Title VII case, the relevant factors are the plaintiff's financial ability to retain counsel, his diligence in attempting to secure counsel, the merits of his claims, and his capacity to present the case without counsel. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420–21 (10th Cir. 1992). On diligence, courts in this District typically expect a plaintiff to have conferred with, not merely contacted, at least five attorneys. *See, e.g.*, *Williams v. Long*, No. 21-1141, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021); *Jackson v. Park Place Condominiums Ass'n*, No. 13-2626, 2014 WL 494789, at *2 (D. Kan. Feb. 6, 2014).

Leigh's request for counsel fails to provide a justification for appointment of counsel. It only lists four attorneys, all with a single office, none of whom have evaluated and declined the case. Moreover, his ability pay, as noted above, remains unresolved. Put simply, the record reflects no basis to appoint counsel in this case.

* * *

Accordingly, the Report and Recommendation, Doc. 5, is ADOPTED IN PART and MODIFIED IN PART as stated above. Leigh's first motion to proceed without prepayment of fees, Doc. 3, is DENIED. His second motion to proceed without prepayment of fees,

Doc. 6, is DENIED WITHOUT PREJUDICE. His motion for appointment of counsel, Doc. 8, is DENIED.

Within 14 days of the date of this Order, Leigh may file a renewed motion to proceed without prepayment of fees. Any renewed motion must be accompanied by a new Affidavit of Financial Status, completed in full, and shall, in addition to the ordinary information, address the following:

1. Where Leigh lives, who owns or leases the residence, and whether Leigh pays anything toward housing, food, utilities, or telephone service. If someone else pays those expenses, Leigh shall identify that person, describe the arrangement, and state whether that person is able and willing to pay the filing fee on his behalf.

2. All income and money Leigh has received from any source since November 1, 2025, including wages, unemployment benefits, gifts, loans, and cash payments, with approximate dates and amounts. The dates on which Leigh last received unemployment benefits, and why the November 2025 affidavit reported such benefits within the preceding twelve months while the September 2026 affidavit does not. What became of the student-loan balance reported in the November 2025 affidavit. Why the employment reported in the September 2026 affidavit ended, whether Leigh has worked or received any income since, and how the monthly obligations listed in that affidavit are currently being paid.

Any renewed motion is referred to and will be resolved by Magistrate Judge Birzer for a report and recommendation or order, as appropriate. If Leigh does not file a renewed motion by October 5, 2026, he shall pay the filing fee by that date. The case will be subject to dismissal if he fails to do so.

It is so ordered.

Date: September 21, 2026

s/ Toby Crouse
Toby Crouse
United States District Judge